# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 00-5134**                    **September Term, 1999**
                                                                    **96cv02123**

**Filed On: June 12, 2000** [522714]

In re: Executive Office of the President,
        Petitioner

**BEFORE**:  Tatel, Circuit Judge

**O R D E R**

        Upon consideration of the letter received on April 19, 2000, by the Clerk of the Court from Judicial Watch, Inc., construed as a motion for recusal, it is

        **ORDERED** that the motion be denied.  Neither 28 U.S.C. § 455(a) nor Canon 2A of the CODE OF CONDUCT FOR UNITED STATES JUDGES requires recusal in this case. Hearing a case involving the conduct of the President who appointed me will not "create in reasonable minds, with knowledge of all the relevant circumstances that a reasonable inquiry would disclose, a perception that [my] ability to carry out judicial responsibilities with integrity, impartiality, and competence [would be] impaired."   *See* CODE OF CONDUCT FOR UNITED STATES JUDGES Canon 2A cmt., reprinted in 2 ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, GUIDE TO JUDICIARY POLICIES AND PROCEDURES, ch.I at I-2, I-3. This is particularly true in view of a federal judge's life-tenured position and oath to "faithfully and impartially discharge and perform all duties . . . under the Constitution and laws of the United States." 28 U.S.C. § 453.  Both Justice Ginsburg and Justice Breyer participated in *Clinton v. Jones*, 520 U.S. 681 (1997).  Chief Justice Burger, Justice Blackmun, and Justice Powell, all appointees of President Nixon, participated in *United States v. Nixon*, 418 U.S. 683 (1974).  Judge MacKinnon and Judge Wilkey, also appointees of President Nixon, participated in *Senate Select Comm. v. Nixon*, 498 F.2d 725 (D.C. Cir. 1974), and *Nixon v. Sirica*, 487 F.2d 700 (D.C. Cir. 1973).

        Citing the proceedings of the United States Court of Appeals for the Eighth Circuit in *Jones v. Clinton*, Judicial Watch states that "[i]n recent cases where the President's conduct was at issue, judicial appointees of President Clinton have recused themselves." Three judges did recuse themselves in that case.  But two of those judges—Judge Richard S. Arnold and Judge Morris S. Arnold—were not appointed by President Clinton.  Judge Diana Murphy recused herself not because she was

appointed by President Clinton, but because she was under consideration for appointment to the United States Sentencing Commission, which she now chairs.

Judicial Watch also contends that "Judge David W. Hagen, an appointee of President Clinton, recused himself" from a case against Mrs. Hillary Rodham Clinton and several of the President's advisors "as the conduct of the wife of the President and their friends and colleagues was at issue." In fact, Judge Hagen recused himself because he had a financial interest in a publishing company that was also a party to the lawsuit.

**Per Curiam**